IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | |
|---|---|
| MARC EASTON, | Case No.: 1:13CR267 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #36 in Case No. 1:13 CR 267.) For the reasons set forth below, Petitioner's Motion is DENIED.

### Factual and Procedural Background

On May 23, 2013, an Indictment was filed against Petitioner that charged him with one count of bank robbery in violation of 18 U.S.C. § 2113(a). (Docket #10.) On June 27, 2013, Petitioner executed a written plea agreement with the Government, pleading guilty to the Indictment. (Docket #16.) On September 16, 2013, the District Court sentenced Petitioner to 188 months imprisonment, followed by three years supervised release, and ordered him to pay a $100 special assessment. (Docket #23.) Petitioner appealed his sentence. (Docket #24.) On appeal, the Sixth Circuit affirmed Petitioner's conviction. *United States v. Easton*, no. 13-4118, slip op. (6th Cir. Jul. 30, 2014).

On August 27, 2015, Petitioner filed his Section 2255 Motion with this Court. Petitioner requests a hearing on his Motion, and sets forth two separate Grounds for Relief attacking his sentence for ineffective assistance of counsel.

Ground One: Defense Counsel was ineffective at sentencing because Defense Counsel failed to argue Petitioner's medical condition of cystic fibrosis in support of mitigation

Ground Two: Defense Counsel was ineffective at sentencing because Defense Counsel failed to argue that the "career offender" sentencing guideline is unconstitutional

On October 5, 2015, the Government filed its Response to Petitioner's Motion. (Docket #40.) The Government argues that the Petitioner has failed to demonstrate that Counsel's performance was deficient, and, even if Counsel's performance was deficient, Petitioner has failed to demonstrate that his Counsel's performance prejudiced him.

Regarding Petitioner's First Ground for Relief, the Government argues that Petitioner's Counsel's performance was not deficient or inadequate because Petitioner and Defense Counsel discussed Petitioner's medical condition at sentencing and that Petitioner and Defense Counsel both notified the Court of Petitioner's medical condition on multiple occasions. However, even if Counsel's performance was deficient, the Government also argues that because the Court acknowledged that it considered Petitioner's cystic fibrosis diagnosis when imposing Petitioner's sentence, Petitioner was not prejudiced by his Counsel's performance.

Regarding Petitioner's Second Ground for Relief, the Government argues that Petitioner's Counsel's failure to argue that the "career offender" sentencing guideline is unconstitutional did not render her performance deficient because the Sixth Circuit has held that the career offender guideline is not unconstitutional. *United States v. Garcia*, 20 F.3d 670, 674. The Government notes that the recent Supreme Court decision in *Johnson v. United States*, 135

S. Ct. 2551, 2563 has no bearing on the Sixth Circuit's precedent because *Johnson* did not address the constitutionality of the career offender guideline.

On October 26, 2015, Petitioner filed a "traverse" or Reply Brief to the Government's response. (Docket #41.) Petitioner asserts that his Counsel did not conduct any investigation or obtain a medical expert to give the Court information about cystic fibrosis. Additionally, Petitioner argues that his Counsel failed to present the Court with a sentencing memorandum regarding Petitioner's condition.

## Discussion

Title 28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

This Court has thoroughly reviewed all information relative to Petitioner's Motion; the Response filed by the Government; and, Petitioner's Reply Brief. Based upon that review, the Court finds that Petitioner is not entitled to relief under 28 U.S.C. § 2255.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The record in this case shows active and appropriate representation by Counsel, and there is no evidence that any of the alleged actions or inactions taken by Counsel would have changed the outcome. Accordingly, Petitioner cannot justifiably assert his claims of ineffective assistance of counsel.

Petitioner asserts that his Counsel rendered ineffective assistance of counsel when Counsel failed to argue his medical condition in support of mitigation and when Counsel failed to argue that the "career offender" guideline is unconstitutional.

First, Petitioner's Counsel made all reasonable efforts to inform the Court of Petitioner's medical condition. Petitioner himself discussed his medical condition at sentencing and noted that he was diagnosed with cystic fibrosis at age three. Additionally, although the Presentence Investigation Report ("PSR") did note that Petitioner suffered from cystic fibrosis, Defense Counsel objected that the PSR failed to mention that Petitioner was diagnosed with cystic fibrosis at age three. Counsel made every reasonable effort during sentencing to notify the Court that Petitioner had cystic fibrosis in support of mitigation, and therefore she was not deficient in her performance.

Second, Petitioner's Counsel's failure to argue that the "career offender" sentencing guideline is unconstitutional cannot constitute error because the Sixth Circuit Court of Appeals

has held that the guideline is constitutional. *See Garcia, supra.* Petitioner erroneously relies upon the recent Supreme Court decision in *Johnson, supra* to assert that the career offender guideline is unconstitutional. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. However, the Supreme Court specifically noted in *Johnson* that its holding only affected the constitutionality of the residual clause and had no impact on the validity of the remainder of the ACCA. *Johnson*, 135 S. Ct. at 2563. Therefore, as *Johnson* did not address the constitutionality of the career offender guideline, the precedent established by the Sixth Circuit controls. Because the career offender guideline is constitutional, Petitioner's Counsel's failure to argue that the guideline was unconstitutional cannot be evidence of deficient performance.

Based on the foregoing, Petitioner is not entitled to the relief sought.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

has held that the guideline is constitutional. *See Garcia, supra.* Petitioner erroneously relies upon the recent Supreme Court decision in *Johnson, supra* to assert that the career offender guideline is unconstitutional. In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. However, the Supreme Court specifically noted in *Johnson* that its holding only affected the constitutionality of the residual clause and had no impact on the validity of the remainder of the ACCA. *Johnson*, 135 S. Ct. at 2563. Therefore, as *Johnson* did not address the constitutionality of the career offender guideline, the precedent established by the Sixth Circuit controls. Because the career offender guideline is constitutional, Petitioner's Counsel's failure to argue that the guideline was unconstitutional cannot be evidence of deficient performance.

Based on the foregoing, Petitioner is not entitled to the relief sought.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could

debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that no reasonable jurist would find the assessment of Petitioner's Constitutional claims to be debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

### Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #25 in Case No. 4:14 CR 26) is DENIED. There is no basis upon which to require a hearing on Petitioner's Section 2255 Motion. Accordingly, Petitioner's request for a hearing is DENIED.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Court Judge

DATED: ____December 4, 2015____