UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 1:13 CR 267 |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| vs. | ) | |
| | ) | |
| MARC EASTON, | ) | <u>ORDER</u> |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Second Motion for Compassionate Release. (ECF #65). The Government filed a Response in Opposition to Defendant's Motion. (ECF #68). No reply was filed.

Mr. Easton pled guilty to one count of Bank Robbery in violation of 18 U.S.C. §2113(a). (ECF #40). He had an extensive criminal history and was determined to be a career offender. The Court sentenced him to 188 months, the highest guideline sentence available. (ECF #43). On July 7, 2022, Mr. Easton submitted a request for compassionate release, followed by a supplement, shortly after. (ECF #50, 56). That request was denied. (ECF #64). Now, two years later, he is again seeking relief under 18 U.S.C. §3582(c)(1)(A) and U.S.S.G. §1B1.13(b). He has currently served approximately 90% of his sentence and is scheduled to be released on January 20, 2027.

Under the terms of the First Step Act, 18 U.S.C. §3582(c)(1)(A), inmates may file a request with the court to modify an imposed term of imprisonment for "extraordinary and

compelling reasons." Prior to taking such action, however, an inmate is required to request that the Director of the Bureau of Prisons ("BOP") file a motion on his behalf, and to "fully exhaust[] all administrative rights to appeal a failure of the BOP to bring a motion." *Id.* Administrative rights are exhausted when the warden refuses to recommend that the BOP file a compassionate release motion with the court, and the prisoner appeals the denial using the BOP's Administrative Remedy program, or if there has been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Program Statement 1330.18; 28 C.F.R. 542(B), The Sixth Circuit has interpreted this to mean that the exhaustion requirement is satisfied thirty days after a warden receives a request by an inmate, regardless of whether any administrative appeals are available or have been pursued. *See, United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Mr. Easton attached documentation indicating that he has exhausted his administrative remedies. (ECF #71, Ex. A). Therefore, the Court will address the merits of his request.

In order to justify compassionate release a court, "after considering the factors set forth in 18 U.S.C. §3553(a), must determine: (1) that extraordinary and compelling reasons warrant a sentence reduction;[1] (2) that the defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. §3142(g); and, (3) that the reduction is consistent with the USSG's policy statement in §1B1.13. A "compassionate release decision is discretionary, not mandatory." *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010).

For purposes of this opinion, the Court considered and balanced all the factors set forth in 18 U.S.C. §3553(a). Mr. Easton argues that he qualifies for relief because his circumstances

---

[1] Alternatively, courts may consider a reduction if the defendant is at least 70 years old and has served at least 30 years in prison.

meet the definition of extraordinary and compelling reasons as set forth in the USSG policy statement in §1B1.13(b)(1), and (b)(3)(C). The Court disagrees.

Mr. Easton's health problems do not rise to the level of extraordinary and compelling reasons for relief because there is no indication that his medical conditions are terminal, or that they substantially diminish his ability to provide self-care within the correctional facility. The records show that he has been receiving appropriate and adequate care and that he remains generally healthy and capable of self-care. Mr. Easton, himself admits in his motion that he is "in great physical shape for his age." None of his medical conditions, alone or in combination, rise to the level of extraordinary and compelling reasons to reduce his sentence.

Mr. Easton also seeks release in order to care for his aging mother. Although the Court is sympathetic to the difficulties his mother may be facing with reduced mobility and cognition as she ages, Mr. Easton has not shown that her condition qualifies for consideration under U.S.S.G. §1B1.13(b)(3). This provision provides that the "incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" is an extraordinary and compelling reason warranting a reduction in sentence. *Id.* Courts have generally held that to be incapacitated under this provision, the parent must be completely disabled and incapable of self-care. Mr. Easton's mother does not describe herself in this extreme. Though she states that it would be helpful if her son were home to help, she does not indicate that she cannot care for herself without him. (ECF #65-1). Further, she indicates that she is still capable of traveling to visit him at his facility. This is inconsistent with the level of incapacity referenced in the guideline provisions. Many prisoners, especially those with long sentences, face the sad reality that they are unable to assist with the difficulties experienced by their aging parents. This is, unfortunately an ordinary and foreseeable consequence of imprisonment and not a circumstance that justifies extraordinary relief. *See, United States v. Villasenor*, 2021 WL 5356032, at *1 (6th

Cir. Nov. 17, 2021). Further, the record suggests that Mr. Easton has siblings who are supportive of the family. There is no explanation of why these siblings would not be available caretakers for their mother. Therefore, he has not established that he is the only available caretaker for his mother, even if she did qualify as incapacitated under the guideline provisions.

Finally, even if Mr. Easton's had established extraordinary and compelling reasons for relief under the sentencing guidelines, he would not qualify for release after consideration of the other §3553(a) factors. These include but are not limited to, the nature and circumstances of the offense, the history and character of the defendant, the need for the sentence originally imposed, the protection of the community, the avoidance of unwarranted sentencing disparities, and all of the other considerations that went into the original sentencing decision. When full consideration is given to the 18 U.S.C. §3553(a) factors, it becomes apparent that Mr. Easton is not entitled to a reduction in sentence.

These factors were addressed in the denial of his previous request for compassionate release, and there are no new considerations that would affect the balance of those factors. A reduced sentence would not reflect the seriousness of this crime, and would give Mr. Easton a disparately low sentence compared to other defendants who engage in similar behavior. The Court has considered the rehabilitation efforts made by Mr. Easton, and his attention to developing avenues for productive self-sufficiency following his release. These efforts are to be applauded, however, they are not sufficient to establish extraordinary and compelling reasons for relief, and do not override the remaining factors.

He also has not shown that he is no longer a danger to the community. He committed a serious offense, placing bank employees, law enforcement, and the public at risk of harm. After robbing the bank, Mr. Easton fled and led the police in a car chase through residential streets, reaching speeds of up to 70 mph. He had an extensive criminal history including thirteen prior

bank robberies. Some of these involved the use of firearms and threats of violence. He also broke into a house, and stole a car by feigning car trouble and robbing the good Samaritan who stopped to assist him. He served several long prison terms and always returned almost immediately to his criminal conduct upon release. He has shown that he is a high risk for recidivism.

Mr. Easton has not demonstrated extraordinary and compelling reasons for relief in the context of the §3553(a) factors, has not shown that he is no longer a danger to the community, and has not shown that a reduced sentence would be consistent with the USSC's relevant policy statement. Having considered the record, Mr. Easton' arguments, and all of the factors set forth in 18 U.S.C. §3553(a), the Court finds, in its discretion, that the Defendant's Motion for Compassionate Release should be DENIED. (ECF #65).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATE: February 5, 2026